UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case No. 17-20185-cv-MARTINEZ/GOODMAN

ALONZO JOSUEE ARELLANO,
MIGUEL ANGEL CAMEJO MUJICA,
NICOLAS RAFAEL MORANTE VERENZUELA,
and others similarly situated,

    Plaintiffs,
v.

L.O. FLORIST SUPPLIES, L.L.C.,
MARIANELLA JOSEFINA SALAS,
OSWALDO PERNIA,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendants, L.O. FLORIST SUPPLIES, LLC ("LOFSL"), MARIANELLA JOSEFINA SALAS ("SALAS") AND OSWALDO PERNIA ("PERNIA") or as they may be referred together as "Defendants", through undersigned counsel, serve their Answer and Affirmative Defenses to the First Amended Complaint and state the following:

1. Defendants admit that Plaintiffs purport to bring claims under the FLSA but deny that they have any such claims.

2. Defendants are without knowledge of the allegations in Paragraph 2.

3. Paragraph 3 is admitted.

4. Paragraph 4 is admitted.

5. Paragraph 5 is admitted.

6. Paragraph 6 is admitted to the extent Defendants admit that venue is proper in the Southern District of Florida.

## COUNT I - OVERTIME UNDER THE FLSA

7. Defendants admit that Plaintiffs purport to bring claims that arise under federal law but such admission does not imply that Plaintiffs have a cause of action under the FLSA. Defendants deny all remaining allegations in Paragraph 7.

8. As to Paragraph 8, Defendants admit that this Court has jurisdiction over claims under the FLSA but deny that Plaintiffs have any cognizable claims.

9. As to Paragraph 9, Defendants admit that Plaintiffs purport to paraphrase language from the cited statute but refer the Court to the actual statute for its full and exact language. No answer is required to Paragraph 9 because it also states a conclusion of law.

10. Defendants admit that they employed ARELLANO but deny it was for the period stated in Paragraph 10.

11. Paragraph 11 is admitted.

12. Defendants admit that they employed VERENZUELA but deny it was for the period stated in Paragraph 12.

13. Defendants admit that the FLSA applies to their business. All other allegations in Paragraph 13 are denied.

14. Paragraph 14 is admitted to the extent it alleges that Defendants were an enterprise engaged in commerce.

15. Paragraph 15 is admitted as to years 2014, 2015 and 2016. The year 2013 is irrelevant to the claims made in this lawsuit.

16. Paragraph 16 is admitted but the year 2017 is irrelevant to the claims made in this lawsuit.

17. Paragraph 17 is denied.

18. Paragraph 18 is denied.

19. Paragraph 19 is denied.

20. Paragraph 20 is denied.

21. Paragraph 21 is denied.

22. Paragraph 22 is denied.

23. Paragraph 23 is denied.

24. Paragraph 24 is denied.

25. Paragraph 25 is denied.

26. Paragraph 26 is denied and it is also denied that any of the plaintiffs are entitled to the relief sought in the ad *damnum* clause following Paragraph 26.

## AFFIRMATIVE DEFENSES

27. First Affirmative Defense. Defendants acted in good faith and did not knowingly or willfully disregard their obligations under the FLSA and therefore are entitled to the protections of the Portal to Portal Act.

28. Second Affirmative Defense. Plaintiffs are not entitled to be compensated for time spent during work hours on Defendants' premises which was attributable to personal pursuits that had no connection with Defendants' business.

29. Third Affirmative Defense. Plaintiffs are barred from seeking unpaid overtime wages for time which is not compensable "work time" under the Portal to Portal Act.

30. Fourth Affirmative Defense. Defendants are not liable for Plaintiffs' accrual of overtime (other than as may have been authorized) as they never were aware or

informed that Plaintiffs were accruing the overtime hours they claim in this matter and further did not suffer or permit Plaintiffs to work overtime (other than may have been authorized).

31. <u>Fifth Affirmative Defense</u>.  Plaintiffs are barred by the Statute of Limitations from seeking damages for any period of time that is more than two years prior to filing suit, or if a willful violation is found, more than three years prior to filing suit.

32. <u>Sixth Affirmative Defense</u>.  Defendants are entitled to off-set against any amounts found to be due to Plaintiffs as overtime wages any payments of wages, bonuses or other monies; compensatory time off; or other benefits they received in lieu of wages.

33. <u>Seventh Affirmative Defense</u>. Plaintiffs are guilty of unclean hands to the extent they solicited to be paid overtime wages in cash, received that cash and use this lawsuit to commit a fraud on the judicial system.

34. <u>Eighth Affirmative Defense</u>.  Plalintiffs' claims for overtime wages, if any, are *de minimus*.

35. <u>Ninth Affirmative Defense</u>.   To the extent that any of the Plaintiffs drove a delivery truck which is subject to the Motor Carrier Act, they are exempt from the FLSA.

Defendants deny any matter in the Complaint which is not answered and further reserve the right to raise additional defenses as discovery may reveal.

WHEREFORE, having fully answered the Complaint, Defendants seek judgment in their favor and against each Plaintiff and such other relief as the Court deems fit and proper including dismissal of this case and an award of sanctions.

Respectfully Submitted,

LANGBEIN & LANGBEIN, P.A.
Counsel for the Defendants
8181 NW 154th Street, Suite 105
Miami Lakes, FL 33016
Tel: (305) 556-3663
Fax: (305) 556-3647

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed electronically on 4/14/17 through CM/ECF and that a copy of the foregoing will be served via notification through CM/ECF on all counsel or parties of record on the attached service list:

By: /s/ Leslie W. Langbein
Leslie W. Langbein
Fla. Bar No. 305391

SERVICE LIST

J. H. Zidell, Esq.
Neil Tobak, Esq.
Rivkah Jaff, Esq.
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Attorney for the Plaintiff
Email: zabogado@aol.com
Rivkah.Jaff@gmail.com
Ntobak.zidellpa@gmail.com