UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20185-CIV-JEM/JG

ALONZO JOSUEE ARELLANO, MIGUEL ANGEL CAMEJO MUJICA, NICOLAS RAFAEL MORANTE VERENZUELA and all others similarly situated under 29 U.S.C. 216(B),

        Plaintiff,

vs.

L.O. FLORIST SUPPLIES, L.L.C., MARIANELLA JOSEFINA SALAS, OSWALDO PERNIA,

        Defendants.

_____

### JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENTAGREEMENT, STIPULATED DISMISSAL WITH PREJUDICE, AND FOR THE COURT TO RETAIN JURISDICTION

The Parties, Plaintiffs, ALONZO JOSUEE ARELLANO, MIGUEL ANGEL CAMEJO MUJICA, and NICOLAS RAFAEL MORANTE VERENZUELA ("Plaintiffs"), and Defendants, L.O. FLORIST SUPPLIES, L.L.C.,MARIANELLA JOSEFINA SALAS, and OSWALDO PERNIA ("Defendants"),(collectively, the "Plaintiff" and "Defendants" referred to as the "Parties"), by and through their respective undersigned counsel, and file this Joint Motion for Approval of the Parties' Settlement Agreement, Stipulated Dismissal with Prejudice, and for the Court to Retain Jurisdiction, and respectfully state as follows:

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair

and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc*., 545 F.2d 537, 539 (5th Cir. 1977).

A bona fide dispute exists between Plaintiffs and Defendants in this case regarding the amount and extent, if any, of Plaintiffs' claims for overtime wages under 29 U.S.C. 201-216 and any alleged damages associated with same. In this case, there are numerous factual disputes between the Parties, including how many hours Plaintiffs worked each week and if so, whether any of Defendants' asserted affirmative defenses would have negated Plaintiffs' claims. Notwithstanding these disputes, the parties have settled this case, believing that settlement promotes efficiency and brings a reasonable and fair result to this litigation. Further, among the bargained for benefits in the settlement agreement was a mutual general release of all claims which expressly included any  personal injury and/or work injury and/or  workers compensation claims Plaintiffs now own or hold or have owned or held or may choose to pursue against Defendants ,jointly and severally, under Chapter 440, Florida Statutes and/or State law, which provided an additional consideration  apart from the settlement of the FLSA claims..

Counsel have zealously represented their clients' respective interests and have negotiated a settlement that is acceptable to Plaintiffs and Defendants.  The Parties engaged in discovery prior to the settlement. All parties are represented by experienced counsel in this action, and the parties and their respective counsel agree and stipulate that the settlement represents a fair, reasonable, good faith and arms-length compromise of Plaintiffs' claim.  Each Party entered into the Agreement voluntarily with a complete understanding of the rights they were waiving and without duress, coercion, or undue influence. A copy of the Parties' Settlement Agreement is

attached as **Exhibit A**. As per the Settlement Agreement, the Parties agree that each party shall bear its own attorneys' fees and costs except as otherwise stated in the Settlement Agreement. As a condition for dismissal, the parties agree that the Court retains jurisdiction to enforce the terms of the Settlement Agreement. *See, Anago Franchising, Inc. v. Shaz*, LLC, 677 F.3d 1272, 1280 (11th Cir. 2012).

WHEREFORE, the said Parties respectfully request that the Court enter an Order: (1) approving the terms of the Settlement Agreement; (2) dismissing this action with prejudice pursuant to the Parties' stipulated settlement and dismissal; (3) retaining jurisdiction over enforcement of the settlement; and (4) denying as moot all pending motions.

Respectfully submitted this 18th day of August, 2017.

| | |
|---|---|
| J.H. ZIDELL, P.A. | LANGBEIN & LANGBEIN, P.A. |
| Counsel for the Plaintiff | Counsel for Defendants |
| 300 71ST Street, Suite 605 | 8181 NW 154th Street, Suite 105 |
| Miami Beach, FL 33141 | Miami Lakes, FL 33016 |
| Tel: (305) 865-6766 | Tel: (305)-556-3663 |
| Fax: (305) 865-7067 | Fax: (305) 556-3647 |
| E-mail: zabogado@aol.com | Email: langbeinpa@bellsouth.net |
| | |
| By: /s/ Rivkah F. Jaff | By: /s/ Leslie W. Langbein |
| Rivkah F. Jaff, Esq. | Leslie W. Langbein, Esq. |
| Fla. Bar No. 107511 | Fla. Bar No. 305391 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20185-CIV-JEM/JG

ALONZO JOSUEE ARELLANO, MIGUEL )
ANGEL CAMEJO MUJICA, NICOLAS )
RAFAEL MORANTE VERENZUELA and )
all others similarly situated under 29 U.S.C. )
216(B), )
              )
     Plaintiff, )
vs. )
              )
L.O. FLORIST SUPPLIES, L.L.C., )
MARIANELLA JOSEFINA SALAS, )
OSWALDO PERNIA, )
              )
     Defendants. )
_____ )

## ORDER APPROVINGJOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENTAGREEMENT, STIPULATED DISMISSAL WITH PREJUDICE, AND FOR THE COURT TO RETAIN JURISDICTION

This cause came before the Court on the parties' Joint Motion for Approval of a settlement agreement and for entry of a dismissal with prejudice. Having reviewed the Settlement Agreement between the Parties, Plaintiffs, ALONZO JOSUEE ARELLANO, MIGUEL ANGEL CAMEJO MUJICA, and NICOLAS RAFAEL MORANTE VERENZUELA ("Plaintiffs"), and Defendants, L.O. FLORIST SUPPLIES, L.L.C.,MARIANELLA JOSEFINA SALAS, and OSWALDO PERNIA ("Defendants"),(collectively, the "Plaintiff" and "Defendants" referred to as the "Parties"), the Court finds that due cause exists to approve the parties' settlement agreement. Therefore, it is:

**ORDERED,** and **ADJUDGED** that the Settlement Agreement is hereby **APPROVED** in its entirety by the Court under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and this case is **DISMISSED WITH PREJUDICE** with the Court to retain jurisdiction

to enforce the terms of the Settlement Agreement. All pending motions in this case are DENIED as moot, and this case is CLOSED.

**DONE AND ORDERED** in chambers, at Miami, Florida, this _____ day of _____ 2017.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record